IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| KITCHEN AND BATH CONCEPTS OF PITTSBURGH, LLC, | ) ) | |
| *Plaintiff,* | ) ) | Civil Action No. |
| v. | ) ) ) | Jury Trial Demanded |
| EDDY HOMES, INC., | ) ) | |
| *Defendant.* | ) ) ) | Electronically Filed |
| | ) | |

**COMPLAINT**

Plaintiff Kitchen and Bath Concepts of Pittsburgh, LLC, by and through its counsel, for its complaint against Defendant states as follows:

**INTRODUCTION**

1.  Plaintiff Kitchen and Bath Concepts of Pittsburgh, LLC (hereinafter "Plaintiff" or "KBC"), operates a kitchen and bath design business incorporated in Pennsylvania with its principal place of business at 176 Rochester Road, Pittsburgh, PA 15229.

2.  Defendant Eddy Homes, Inc. (hereinafter "Defendant" or "Eddy"), is a residential home builder incorporated in Pennsylvania with its principal place of business at 242 Station Street, Bridgeville, PA 15017.

3.  On or about April 1, 2013, Defendant was hired by Mr. & Mrs. Sterling (the "Sterlings") to construct a home at 728 Crosswinds Drive, McMurray, PA 15317, which

included the construction of the exterior walls, interior walls, plumbing and electrical systems.

4. On or about April 2, 2013, Plaintiff was hired by the Sterlings to design and construct all interior spaces of the home, including but not limited to the master bathroom, the basement bathroom, the basement bar, the basement fireplace, the powder room, the laundry room, bedroom closets, the kitchen and the mudroom.

5. Plaintiff designed and installed all of the interior elements in the rooms of the Sterling Home.  These spaces were constructed without the aid of the Defendant and occurred after the Defendant had finished constructing the exterior of the home.

6. Plaintiff is, and at all relevant times has been, the owner of the copyright in the design of the interior of the Sterling Home.  Plaintiff has never assigned the copyright in those designs to any other entity.

7. In October 2015, photos of the interior of the Sterling Home depicting the intellectual property of Plaintiff (the "Depictions") were published in a periodical, Kitchen and Bath Design News, without the permission of the Plaintiff.  The article in the periodical featured the kitchen of the Sterling Home and gave credit to Cristina Palamides, as design coordinator of Eddy Homes, Inc.

8. In October of 2015, Plaintiff discovered the Depictions being displayed on the Defendant's website, as well as several popular social media websites, including houzz.com, pinterest.com, and facebook.com.

9.      The Plaintiff is not given design credit in any of publications where the Depictions were published, including the Defendant's website or the social media sites listed above.

10.     In addition, the Depictions were published in the January 2016 edition of Whirl Magazine with design credit again taken by Defendant without any credit or attribution to Plaintiff whatsoever.

11.     On or about March 2, 2016, Plaintiff registered a copyright for the design of the interior of the Sterling Home.

12.     Most recently, the Depictions were published in the March/April 2016 edition of Housetrends Magazine.  Defendant received an Builders Association of Metropolitan Pittsburgh (BAMP) award.  The Depiction of the kitchen designed by Plaintiff was used in connection with that award.

13.     Despite being informed of the infringement and lack of attribution associated with the various publications of the Depictions, Defendant has refused to remove the Depictions from Defendant's website or, alternatively, to credit Plaintiff with attribution for the design and construction of the interiors depicted within the Depictions.

### JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over the claims relating to the Copyright Act (17 U.S.C. §§ 101, 501) pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents and trademarks). This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. § 1367 (action asserting a state claim of unfair competition

joined with a substantial and related federal claim under the patent, copyright or trademark laws).

15. This Court has personal jurisdiction over Defendant because Defendant is doing business in Pennsylvania and is incorporated in Pennsylvania.

16. Venue is proper in this District as all or most of the events described herein took place in Allegheny County or Washington County, Pennsylvania.

**COUNT I - COPYRIGHT INFRINGEMENT (17 U.S.C. 101, ETC)**

17. Paragraphs 1 to 16, above, are incorporated by reference as if fully set forth herein.

18. Defendant's publishing Depictions of the interior of the Sterling Home on Defendant's website deliberately and intentionally infringes on Plaintiff's ownership of the design of the home. The layout and design within the Depictions are the property of Plaintiff and were used by Defendant without the express consent of Plaintiff.

19. Section 501(a) of the Copyright Act of 1976 states that "[a]nyone who violates any of the exclusive rights of the copyright...is an infringer of the copyright or right of the author, as the case may be."

20. Section 501(b) of the Copyright Act of 1976 provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it."

21. All interior design and construction of the interior rooms of the Sterling home was created by Plaintiff. In doing so, Plaintiff is the sole owner of the copyright of all

Depictions of the space. Defendant did not receive permission to display Depictions of this interior space.

22. As owner of the Depictions used by Defendant, Plaintiff has standing to file a lawsuit against Defendant for infringement of their copyright. Plaintiff is the sole owner of the design and construction of the interior rooms of the Sterling home.

23. Use of the Depictions within the published periodicals were used without the express consent of Plaintiff. Plaintiff was not given design or build credit within the publications or social media platforms and, moreover, Defendant wrongfully claims ownership and credit for the design of the kitchen.

24. Under Section 411 of the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Plaintiff has submitted its copyright registration. In doing so, it is eligible for statutory damages under the Copyright Act.

25. Alternatively, should the court find Plaintiff's copyright registration untimely, Plaintiff is entitled to Actual Damages as outlined in section 504(b) of the Copyright Act, which allow for actual damages suffered as a result of the infringement, as well as any profits of the infringer attributable to the infringement.

26. Plaintiff is further entitled to recover up to $150,000.00 under section 504(c)(2) of the Copyright Act for the Defendant's willful infringement. Defendant willfully infringed upon Plaintiff's rights when they allowed Depictions of the Sterling Home to be printed in a periodical, giving themselves credit of the work. Defendant also refused to

remove the Depictions from their website or, alternatively, to credit Plaintiff with attribution for the design and construction of the interiors depicted therein.

27.     As a direct result of Defendant's actions, infringement of Plaintiff's rights, Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damages in an amount to be proven at trial.

28.     Plaintiff is entitled to a permanent injunction restraining Defendant, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

## COUNT II - UNFAIR COMPETITION

29.     Paragraphs 1 to 28, above, are incorporated by reference as if fully set forth herein.

30.     Plaintiff has the right to market its goods and services using previous work created solely by Plaintiff.  In accordance with Sections 2-4 of the Third Restatement of Unfair Competition, as followed by the State of Pennsylvania, Defendant has made a misrepresentation as to the source of the material marketed on its website and in periodicals.

31.     Section 4 of the Third Restatement of Unfair Competition states:

> One is subject to liability to another under the rule stated in Section 2 if, in connection with the marketing of goods or services, the actor makes a representation likely to deceive or mislead prospective purchasers by causing the mistaken belief that the actor's business is the business of the other, or that the actor is the agent, affiliate, or associate of the other, or that the goods or services that the actor markets are produced, sponsored, or approved by the other.

32.     Section 2 of the Third Restatement of Unfair Competition states:

6

> One who, in connection with the marketing of goods and services, makes a representation relating to the actor's own goods, services, or commercial activities that is likely to deceive or mislead prospective purchasers to the likely commercial detriment of another under the rule stated in Section 3 is subject to liability to the other for the relief appropriate under the rules stated in Sections 35-37.

33. Section 3 of the Third Restatement of Unfair Competition defines commercial detriment as:

> A representation is to the likely commercial detriment of another if: (a) the representation is material, in that it is likely to affect the conduct of prospective purchasers; and (b) there is a reasonable basis for believing that the representation has caused or is likely to cause a diversion of trade from the other or harm to the other's reputation or goodwill.

34. A state claim for Unfair Competition is permissible, in additional to federal claims, under *Healthcare Advocates Inc. v. Harding, Earley, Follmer, & Frailey,* 497 F.Supp.2d 627, 650 (E.D. Pa. 2007), where the court states:

> The Copyright Act contains a provision explicitly states that all common law or state law rights that are equivalent to the rights available under copyright protections are preempted. The Third Circuit has articulated the extra element test to assess when common law claims are preempted by this provision. Under the test, 'If a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state actions.' *Dun & Bradstreet Software Serv., Inc., v. Grace Consulting, Inc.,* 307 F.3d 197, 217 (3d Cir. 2002). These common law claims must require another element beyond what the copyright infringement test already requires to survive preemption.

35. The court in *Giordano v. Claudio,* 714 F.Supp.2d 508, 522 (E.D. Pa., 2010) specifically states that Pennsylvania common law "traditionally defines unfair

competition as the 'passing off' of a rival's goods as one's own, creating confusion between one's own goods and the goods of one's rival. *Scanvec Amiable Ltd. v. Chang*, 80 Fed. Appx. 171, 190 (3d Cir. 2003)."

36. The element of "passing off" your rival's work as your own is not a required element of copyright infringement. This element would allow for the court to apply the extra element test set out in *Healthcare Advocate* preventing an Unfair Competition claim from being preempted by federal copyright laws.

37. As set forth in the facts above, Defendant made product representations in publications and on its website which include products produced by Plaintiff. These representations claim that all products presented in these marketing tools are created by Defendant and do not give credit to the Plaintiff.

38. The article published in Kitchen and Bath Design News includes Depictions of Plaintiff's work product, but the information contained in the article gives all design credit of Cristina Palamides as design coordinator of Eddy Homes, Inc. The article does not state that the design of the kitchen presented in the Depictions was actually created and constructed by Plaintiff.

39. As of the filing of this complaint, Defendant's website includes publication of several photographs containing the Depictions, which include intellectual property belonging to Plaintiff. Defendant was not given permission to post the Depictions on its website, or any other website, without attribution for design or construction of the interiors in the Depictions to Plaintiff.

40. In addition, Defendant goes so far as to affirmatively take credit for the design and construction of the interiors depicted in the Depictions, for which no such credit is due.

41. Defendant's violation of Plaintiff's common law rights is likely to cause confusion, mistake, or deception among customers and consumers in violation of the Third Restatement of Unfair Competition.

42. As a direct result of Defendant's violation of Section 4 of the Third Restatement of Unfair Competition, Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damages in an amount to be determined at trial.

43. Plaintiff is entitled to a permanent injunction restraining Defendant, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in the conduct described herein that violates the Unfair Competition law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests of this Court:

a. Enter judgment against Defendant, Eddy Homes, Inc. for all damages sustained by Plaintiff in an amount to be determined in trial;

b. Order a permanent injunction against the use of all photographs or reproductions of the interior of the Sterling Home without the express consent of Plaintiff; and

c. Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff further demands a trial by jury on all issues in this matter.

Dated this 11th day of May, 2016.            Respectfully submitted,

                                                            COMMERCE LAW GROUP, LLC

                                                            <u>s/  Suzanne M. Roberts</u>
                                                            Suzanne M. Roberts
                                                            PA ID No. 315685
                                                            P.O. Box 56
                                                            Sewickley, PA  15143
                                                            sroberts@thecommercelawgroup.com
                                                            412-923-3987
                                                            412-921-3191 (fax)

                                                            Counsel for Plaintiff