IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KITCHEN AND BATH CONCEPTS OF PITTSBURGH, LLC, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | Civil Action No. 16-589 |
| v. | ) ) | Hon. Nora Barry Fischer |
| EDDY HOMES, INC., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I.  **Introduction**

Pending before the Court in this matter is a Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Eddy Homes, Inc. (Docket No. 9). Having considered Plaintiff's First Amended Complaint, (Docket No. 6); Defendant's motion to dismiss and supporting briefing, (Docket Nos. 9, 10); Plaintiff's response in opposition, (Docket No. 13); Defendant's reply, (Docket No. 15); the parties' supplemental briefing, (Docket Nos. 17, 18); and oral argument presented by the parties on October 28, 2016, (Docket No. 20),[1] Defendant Eddy Homes, Inc.'s motion to dismiss is GRANTED. Plaintiff's claim for copyright infringement will be dismissed with prejudice, and Plaintiff's claim for unfair competition will be dismissed without prejudice. However, the Court will decline to exercise its supplemental jurisdiction over Plaintiff's claim for unfair competition.

---

[1] The parties did not request a transcript of the oral argument. (*Id.*).

1

## II. Background

This copyright infringement case arises out of Defendant's promotional activities in electronic and print media. The following facts are alleged in the First Amended Complaint, which the Court will accept as true for the sole purpose of deciding the pending motion.

Plaintiff operates a kitchen and bath design business, and Defendant is a residential home builder. (Docket No. 6 at ¶¶ 1-2). In April 2013, Mr. and Mrs. Sterling ("the Sterlings") hired Plaintiff and Defendant to construct their home in McMurray, Pennsylvania. (*Id.* at ¶¶ 3-4). Defendant constructed the exterior and interior walls, and installed the plumbing and electrical systems. (*Id.* at ¶ 3). After Defendant completed the exterior construction, Plaintiff designed and installed, without any assistance from Defendant, all interior spaces of the home. (*Id.* at ¶¶ 4-5). The interior spaces included the master bathroom, the basement bathroom, the basement bar, the basement fireplace, the powder room, the laundry room, the bedroom closets, the kitchen, and the mudroom. (*Id.* at ¶ 4). Plaintiff is the owner of the copyright in the design of the interior of the Sterlings' home. (*Id.* at ¶ 6).

In October 2015, photographs of the interior of the Sterlings' home, which were published in the Kitchen and Bath Design News periodical, credited Defendant and its design coordinator, Cristinia Palamides, for the work. (*Id.* at ¶ 7). Plaintiff also discovered the photographs on Defendant's website and on several social media websites. (*Id.* at ¶ 8). In January 2016, the photographs were published in Whirl Magazine. (*Id.* at ¶ 10). Plaintiff was not given design credit on the websites or in the periodicals in which the photographs were published. (*Id.* at ¶ 9-10).

Plaintiff registered a copyright for the design of the interior of the Sterlings' home on March 2, 2016. (*Id.* at ¶ 11). After the photographs were published in the March/April 2016

edition of Housetrends Magazine, Defendant received a Builders Association of Metropolitan Pittsburgh Award. (*Id.* at ¶ 12). Defendant has refused to remove the photographs from its website or, in the alternative, to credit Plaintiff for the design and construction of the interior designs depicted. (*Id.* at ¶ 13).

Plaintiff filed this action on May 11, 2016. (Docket No 1). In its First Amended Complaint, filed on June 22, 2016, Plaintiff asserts claims against Defendant for copyright infringement and for unfair competition. (Docket No. 6 at ¶¶ 17-43). On July 1, 2016, Defendant filed a motion to dismiss and supporting briefing. (Docket Nos. 9, 10). After Plaintiff filed a response, (Docket No. 13), Defendant filed a reply, (Docket No. 15). Pursuant to the Court's October 14, 2016 Order, the parties filed supplemental briefs to address the impact of *Landrau v. Solis-Betancourt*, 554 F. Supp. 2d 102 (D.P.R. 2007). (Docket Nos. 16, 17, 18). The parties argued their positions at a hearing held on October 28, 2016. (Docket No. 20). On November 14, 2016, the Court stayed this matter pending the disposition of a settlement conference before Magistrate Judge Lisa Pupo Lenihan. (Docket No. 24). After the parties were unable to resolve the case, the Court lifted the stay on December 15, 2016. (Docket Nos. 28, 29). This matter is now ripe for disposition.

**III.  Legal Standard**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). To survive a

Rule 12(b)(6) challenge, the plaintiff's "'[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id*. (quoting *Twombly*, 550 U.S. at 555 (2007). "Thus, 'only a complaint that states a plausible claim for relief survives a motion to dismiss.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679).

Although the Court must accept the allegations in the complaint as true, "'[it is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Instead, the plaintiff must plead facts which permit the court to make a reasonable inference that the defendant is liable. *Twombly*, 550 U.S. at 556-57; *Iqbal*, 556 U.S. at 678.

Consistent with these principles, the Third Circuit Court of Appeals has prescribed a three-step analysis for purposes of determining whether a claim is plausible. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Second, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Third, the court should assume the veracity of all well-pled factual allegations and then "'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). This third step of the analysis is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

4

## IV. Discussion

In its motion to dismiss, Defendant seeks the dismissal of Plaintiff's claims for copyright infringement and for unfair competition. (Docket No. 10 at 3-8). The Court will separately address Plaintiff's claims.

### a. Plaintiff's Claim for Copyright Infringement

Defendant argues that the copyright at issue in this matter is an "architectural works" copyright. (*Id.* at 3). Citing 17 U.S.C. § 120, Defendant contends that Plaintiff's copyright infringement claim must be dismissed because it is solely based upon another party's publication and dissemination of photographs of an architectural work. (*Id.*). Defendant maintains that accepting Plaintiff's theory of copyright infringement would prevent builders from marketing their work product and would result in the potential liability of real estate professionals who publish exterior and interior photographs of residences that are listed on the market. (*Id.* at 4).

In response, Plaintiff argues that 17 U.S.C. § 120 is inapplicable because the Sterlings' home is located on private property in a residential neighborhood, which is not a public place. (Docket No. 13 at 3-4). Emphasizing that Defendant photographed and disseminated its intellectual property, and took credit for the work, Plaintiff contends that it has stated a claim for copyright infringement. (*Id.* at 5). In its reply, Defendant counters that 17 U.S.C. § 120 applies because the Sterlings' home is in a public place. (Docket No. 15 at 2). In support of its argument, Defendant asserts that "[i]f residential homes on public streets are not exempted from the copyright statute, then Google Street View would constitute copyright infringement of every single house in the county." (*Id.*). Defendant further argues that 17 U.S.C. § 120 does not apply

only to the exterior of architectural works because such a reading of the statute would prohibit the dissemination of photographs depicting the exterior of buildings. (*Id.* at 3).

Under the Copyright Act, an infringer is "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122." 17 U.S.C. § 501(a). In pertinent part, a copyright owner has "exclusive rights" to do and to authorize any of the following: "(1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; [and] (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." *Id.* § 106(1)-(3). When a copyright infringement claim involves a pictorial representation of an architectural work, the Copyright Act provides the following:

> § 120. Scope of exclusive rights in architectural works
>
> (a) Pictorial representations permitted. The copyright in an architectural work that has been constructed does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs, or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place.

*Id.* § 120(a). The term "architectural work" is defined as "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." *Id.* § 101. The applicable regulation defines "buildings" as "humanly habitable structures that are intended to be both permanent and stationary, such as houses and office buildings, and other permanent and stationary structures designed for human occupancy, including but not limited to churches, museums, gazebos, and garden pavilions." 37 C.F.R. § 202.11(b)(2).

6

Initially, the Court finds that the Sterlings' home is a "building" under 17 U.S.C. § 120(a) because it is a "humanly habitable structure[ ] . . . such as [a] house[ ]" under 37 C.F.R. § 202.11(b)(2). As discussed above, Plaintiff disputes Defendant's assertion that the Sterlings' home is located in a public place. While the Copyright Act does not define "public place," well-settled law provides that residential homes are located in a public place. As Defendant has pointed out, one such decision arises out of this Court's jurisdiction. In *Morgan v. Hawthorne Homes, Inc.*, No. 2:04-CV-1809, 2009 U.S. Dist. LEXIS 31456 (W.D. Pa. Apr. 14, 2009), the plaintiff asserted a claim for copyright infringement against the defendants after they copied his work on their website. *Id.* at *7-9, 11. The defendants argued that the plaintiff's claim was meritless because the buildings that were depicted on the website were "houses [that] are ordinarily visible from a public place." *Id.* at *33. The plaintiff admitted that the houses were visible from a public place but argued that his drawings were not architectural works. *Id.* The court concluded that 17 U.S.C. § 120(a) applied and dismissed the plaintiff's claim. *Id.* at *34.

In an attempt to distinguish *Morgan*, Plaintiff argues that the decision is inapplicable because the designs at issue were "technical drawings" and "works for hire" that depicted the home's exterior, which was visible from a public place. (Docket No. 13 at 4). Plaintiff's argument, however, is unpersuasive because the plain language of 17 U.S.C. § 120 includes "photographs," which are at issue here, as "[p]ictorial representations" that are permitted. *Id.* § 120(a). The Court must also reject Plaintiff's argument that 17 U.S.C. § 120 applies only to the exterior of a building because 17 U.S.C. § 120 provides that it applies to "the building in which the work is *embodied*." *Id.* (emphasis added). The plain language of "embodied" includes interior elements within the building. Moreover, the definition of "architectural work" as "the overall form as well as the arrangement and composition of spaces and elements in the design"

7

plainly includes the interior spaces — the master bathroom, the basement bathroom, the basement bar, the basement fireplace, the powder room, the laundry room, the bedroom closets, the kitchen, and the mudroom — at issue here. Indeed, courts applying the plain language of 17 U.S.C. § 120 have concluded that interior elements of a house constitute "architectural works." *See, e.g.*, *Nason Homes v. Billy's Constr., Inc.*, No. 3:14-CV-566, 2015 U.S. Dist. LEXIS 150467, at *10-11 (M.D. Tenn. Nov. 5, 2015) (concluding that the "distinctive arrangement of bedrooms, interior walls, bathrooms, windows, and doors" constituted "architectural work"); *Design Basics, L.L.C. v. DeShano Cos., Inc.*, No. 10-CV-14419, 2012 U.S. Dist. LEXIS 135387, at *17-18 (E.D. Mich. Sept. 21, 2012) (finding that the "arrangement of interior walls, bedrooms, kitchens, bathrooms, windows, doors, laundry-rooms, porches, stairways, and corridors: constituted "architectural work" because it "produces a compilation of component parts that is original and unique"); *Landrau*, 554 F. Supp. 2d at 107, 113 (in a case involving an article that included seven interior photographs emphasizing the design of a house, the court dismissed the plaintiffs' copyright infringement claims under 17 U.S.C. § 120).

In applying *Morgan* and the plain language of 17 U.S.C. § 120, courts within other jurisdictions have concluded that pictorial representations of constructed work that is located within a building visible from a public place do not constitute copyright infringement. In *Sorenson v. Wolfson*, 96 F. Supp. 3d 347 (S.D.N.Y. 2015), the plaintiff executed purchase agreements to acquire three unfinished units in a condominium building and provided the floorplan for Unit 7A to the sponsor of the residential condominium development. *Id.* at 352. After his fell through, the plaintiff discovered a pictorial depiction of the plan for Unit 7A on a website created by the building's sales agent. *Id.* at 352, 357. The court found that Unit 7A was "located in a building that was visible from a public place (the street)." *Id.* at 366. After

8

explaining that "creating a 'pictorial representation' of a constructed work that is located in a building visible from a public place is not an act of infringement," the court held that posting the plans on the website did not constitute copyright infringement. *Id.* at 365-66.

Plaintiff's attempts to distinguish *Sorenson* are similarly unavailing, as Plaintiff merely argues that it did not give Defendant permission to place the photographs on its website. (Docket No. 13 at 4-5). Indeed, while Plaintiff repeatedly makes the conclusory statement that the Sterlings' home was not in a public place, it cites to no authority in support of its position. (*See id.* at 2-5). Significantly, several decisions, in addition to *Morgan* and *Sorenson*, do not support Plaintiff's position. *See, e.g.*, *Builders Mut. Ins. Co. v. Donald A. Gardner Architects, Inc.*, 856 F. Supp. 2d 773, 776 n.1, 777 (D.S.C. 2012) (noting that "the house in the photograph was clearly visible from a public place and that the visibility is not at issue" and holding that "the § 120 exemption protects photographs of copyrighted architectural works, such as the website photograph in this case, from being actionable regardless of whether the copyright holder has a copyright in the structure itself or in the technical drawings"); *Landrau*, 554 F. Supp. 2d at 107, 113 (D.P.R. 2007) (in a case involving an article that included seven interior photographs emphasizing the design of a house, the court rejected "[the plaintiffs'] only argument . . . that the project is not normally visible from a public area and that the pictures were not taken from a public area" and dismissed the plaintiffs' copyright infringement claims). Because the Court has not located any authority holding that a residential home is not in a public place, it must reject Plaintiff's conclusory argument.

In a final effort to avoid the dismissal of its claim, Plaintiff argues that the Court must consider the legislative history of 17 U.S.C. § 120. (Docket No. 13 at 3-4). As discussed above, however, the statute's plain language is clear and unambiguous. It is well settled that "[w]here

9

the statutory language is unambiguous, the court should not consider statutory purpose or legislative history." *In re Phila. Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010). *See also Byrd v. Shannon*, 715 F.3d 117 (3d Cir. 2013) ("Statutory purpose and legislative history may be referenced only if the statutory language is without a plain meaning, i.e., if the statutory language is ambiguous."). Accordingly, the Court must reject Plaintiff's argument and grant Defendant's motion to dismiss Plaintiff's claim for copyright infringement.

### b. Plaintiff's Claim for Unfair Competition

Defendant argues that Plaintiff's claim for unfair competition is barred by federal preemption. (Docket No. 10 at 6-8). Specifically, Defendant contends that because Plaintiff's claim is based upon a "reverse passing off" theory, rather than a traditional "passing off" claim, it is preempted by the Copyright Act. (*Id.* at 6-7). Defendant requests that Plaintiff's claim be dismissed with prejudice because it does not incorporate elements that are qualitatively different from those required to prove a claim for copyright infringement. (*Id.* at 8).

In response, Plaintiff argues that its claim is not based upon a "reverse passing off" theory because Defendant has not sold any merchandise resembling the depictions of the Sterlings' home. (Docket No. 13 at 6). Noting that Defendant has created confusion by its affirmative claim of attribution and design, Plaintiff asserts that its claim is not preempted by the Copyright Act because it contains additional elements that are not equivalent to the elements of its claim for copyright infringement. (*Id.*). In the alternative, Plaintiff maintains that preemption does not "automatically" apply to claims based upon a "reverse passing off" theory because such a determination is premature. (*Id.* at 6-7). In reply, Defendant argues that there is no requirement that a copyrighted expression must constitute merchandise before a claim is

considered a "reverse passing off" claim. (Docket No. 15 at 4). Defendant further contends that Plaintiff's allegation that Defendant took credit for the design is insufficient to differentiate the unfair competition claim from the copyright infringement claim. (*Id.* at 4-5).

The Copyright Act "exclusively" governs "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). Therefore, "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." *Id.* The Copyright Act further provides, however, that the preemption provision does not apply if the "subject matter . . . does not come within the subject matter of copyright as specified by sections 102 and 103." *Id.* § 301(b)(1). Thus, "if a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." *Dun & Bradstreet Software Servs. v. Grace Consulting, Inc.*, 307 F.3d 197, 217 (3d Cir. 2002) (internal quotations omitted).

In its Amended Complaint, Plaintiff alleges that Defendant published depictions of Plaintiff's work product on its website and in the Kitchen and Bath Design News periodical but failed to credit Plaintiff. (Docket No. 6 at ¶¶ 37-39). Plaintiff further avers that Defendant "goes so far as to affirmatively take credit for the design and construction of the interiors depicted." (*Id.* at ¶¶ 40). Plaintiff states that its claim is not preempted by the Copyright Act because "[t]he element of 'passing off' your rival's work is not a required element of copyright infringement." (*Id.* at ¶¶ 36).

"Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's." *Dastar Corp. v. Twentieth Century*

11

*Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003). Stated differently, "'A' sells 'A's' product under 'B's' name." *Daley v. Firetree, Ltd.*, No. 4:04-CV-2213, 2006 U.S. Dist. LEXIS 4061, at *10 (M.D. Pa. Jan. 19, 2006); s*ee also Fun-Damental Too, Ltd. v. Universal Music Grp., Inc.*, No. 97-CV-1595, 1997 U.S. Dist. LEXIS 9597, at *13, 15 (E.D. Pa. July 8, 1997) (explaining that "passing off" is "the selling of a good of one's own creation under the name or trademark of another" and occurs when "the wrongdoer sells its products as the plaintiff's") (internal quotations omitted). "A state law unfair competition claim alleging the tort of 'passing off' is not preempted, because it does 'not entail the assertion of rights equivalent to those protected by federal copyright law.'" *Daley*, 2006 U.S. Dist. LEXIS 4061, at *10 (quoting *Lone Wolf McQuade Assocs. v. CBS Inc.*, 961 F. Supp. 587, 599 (S.D.N.Y. 1997)); *see also Fun-Damental Too, Ltd.*, 1997 U.S. Dist. LEXIS 9597, at *15 ("A state law unfair competition claim that alleges the tort of 'passing off' is not preempted because such a claim alleges an extra element of deception or misrepresentation that is not necessary for a cause of action for copyright.").

On the contrary, "reverse passing off" occurs when "[t]he producer misrepresents someone else's goods or services as his own." *Dastar Corp.*, 539 U.S. at 27 n.1. In other words, "'A' copies 'B's' work without permission and claims it as 'A's' own." *Daley*, 2006 U.S. Dist. LEXIS 4061, at *10; *see also Fun-Damental Too, Ltd.*, 1997 U.S. Dist. LEXIS 9597, at *15, 17 (E.D. Pa. July 8, 1997) (explaining that "reverse passing off" occurs when "the defendant copies the plaintiff's work and passes it off as defendant's") (internal quotations omitted). "Courts have held that section 301 preempts state law claims for 'reverse passing off' that are based on the alleged unauthorized copying and use of another's copyrighted expression." *Fun-Damental Too, Ltd.*, 1997 U.S. Dist. LEXIS 9597, at *10.

12

In this case, Plaintiff's claim for unfair competition is best characterized as a "reverse passing off" claim. Indeed, Plaintiff even alleges that Defendant has "[gone] so far as to affirmatively take credit for the design and construction of the interiors depicted," (Docket No. 6 ¶ 40), which is akin to Defendant copying Plaintiff's work and misrepresenting or claiming the work as its own, *Dastar Corp.*, 539 U.S. at 27 n.1; *Daley*, 2006 U.S. Dist. LEXIS 4061, at *10. Plaintiff's argument that its claim does not constitute a "reverse passing off" claim because Defendant has not sold any "merchandise" is unconvincing, and Plaintiff has failed to cite to any authority supporting its position. (Docket No. 13 at 5-6). Such conclusory arguments do not transform Plaintiff's claim for unfair competition as one that is "qualitatively different" from its claim for copyright infringement. Rather, both of Plaintiff's claims rest upon allegations that Defendant used and disseminated Plaintiff's work without crediting Plaintiff.

Because Plaintiff's claim for unfair competition does not require "an extra element," *Dun & Bradstreet Software Servs.*, 307 F.3d at 217, it is "equivalent" to Plaintiff's claim for copyright infringement and is, therefore, preempted by the Copyright Act. *See, e.g.*, *Quadratec, Inc. v. Turn 5, Inc.*, No. 13-CV-6384, 2015 U.S. Dist. LEXIS 107071, at *31-34 (E.D. Pa. Aug. 13, 2015) (holding that the plaintiff's unfair competition by misappropriation claim was preempted because it was "nothing more than a claim for unauthorized copying," which was not "qualitatively different" from the plaintiff's copyright infringement claims); *Synygy, Inc. v. ZS Assocs.*, No. 07-CV-3536, 2015 U.S. Dist. LEXIS 26006, at *115-17 (E.D. Pa. Feb. 11, 2015) (finding that the plaintiff's unfair competition claim, which was based upon allegations that the defendants copied elements of the plaintiff's report designs and passed them off as their own, was preempted by the Copyright Act); *Scranton Times, L.P. v. Wilkes-Barre Publ. Co.*, No. 3:08-CV-2135, 2009 U.S. Dist. LEXIS 87261, at *18-19 (M.D. Pa. Sept. 23, 2009) (concluding that

an unfair competition claim, which was based upon allegations that the defendant copied obituaries contained in the plaintiff's publications and distributed them as their own work, was preempted); *Daley*, 2006 U.S. Dist. LEXIS 4061, at *12-15 (determining that the plaintiff's unfair competition claim, which was based upon the illegal copying and unauthorized use of his works, was a "reverse passing off" claim that was preempted); *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, 350 F. Supp. 2d 613, 619-20 (E.D. Pa. 2004) (holding that the plaintiffs' unfair competition claim was not "qualitatively different" from its federal claim for copyright infringement); *Fun-Damental Too, Ltd.*, 1997 U.S. Dist. LEXIS 9597, at *18-19 (finding that an unfair competition claim, which was based upon the unauthorized copying and use of music, was a "reverse passing off" claim that was preempted).

As discussed above, Plaintiff argues in the alternative that its claim for unfair competition should not be dismissed because, at this stage of the proceedings, it is "premature" to determine whether the claim is preempted. (Docket No. 13 at 6-7). In support of its argument, Plaintiff cites to one decision arising out of the Fourth Circuit. (*Id.* (citing *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417 (4th Cir. 2010)). The Court rejects as meritless Plaintiff's argument because the court in *Universal Furniture Int'l, Inc.* did not address the issue of preemption. Moreover, well-settled law within the Third Circuit provides that a court may dismiss a claim for unfair competition claim that is preempted by federal law at this stage of the proceedings. *See, e.g.*, *Quadratec, Inc.*, 2015 U.S. Dist. LEXIS 107071, at *31-34 (granting a motion to dismiss an unfair competition by misappropriation claim because it was preempted); *Scranton Times, L.P.*, 2009 U.S. Dist. LEXIS 87261, at *18-19 (M.D. Pa. Sept. 23, 2009) (granting a motion for judgment on the pleadings because the plaintiff's unfair competition claim was preempted by the Copyright Act); *Daley*, 2006 U.S. Dist. LEXIS 4061, at *12-15 (same);

*Fun-Damental Too, Ltd.*, 1997 U.S. Dist. LEXIS 9597, at *18-19 (granting a motion to dismiss an unfair competition claim that was preempted by the Copyright Act). Accordingly, the Court must reject Plaintiff's argument and grant Defendant's motion to dismiss Plaintiff's claim for unfair competition.

### c. Leave to Amend

The Court's final inquiry is whether the dismissal of Plaintiff's First Amended Complaint should be with prejudice or without prejudice, granting Plaintiff leave to amend her complaint once again. Plaintiff previously exercised her right to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B) but has not requested leave to amend a second time in her responsive brief nor supplied the Court with a proposed Second Amended Complaint. *See, e.g.*, *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) ("[A] 'bare request in an opposition to a motion to dismiss — without any indication of the particular grounds on which amendment is sought . . . — does not constitute a motion within the contemplation of Rule 15(a).'") ((quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994)); *McWreath v. Range Res. - Appalachia, LLC*, No. 15-1371, 2016 U.S. App. LEXIS 5755, at *5 (3d Cir. Mar. 29, 2016) ("[T]he failure to submit a draft amended complaint 'is fatal to a request for leave to amend.'") (quoting *Zizic*, 728 F.3d at 243). In any event, leave to amend may be denied if an amendment would be futile. *See Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[A] district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

The Court concludes that amendment to Plaintiff's claim for copyright infringement would be futile because it is based on a legally unsupportable position that no set of facts could overcome. Therefore, the claim will be dismissed, with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for unfair competition. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."). Thus, Plaintiff's claim for unfair competition will be dismissed, without prejudice.

**V. Conclusion**

For the foregoing reasons, the Court GRANTS Defendant Eddy Homes, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's claim for copyright infringement is dismissed, with prejudice, and Plaintiff's claim for unfair competition is dismissed, without prejudice.

An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record