# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KITCHEN AND BATH CONCEPTS OF  )
PITTSBURGH, LLC,                )
                                )
            Plaintiff,          )
                                )    Civil Action No. 16-589
     v.                         )
                                )    Hon. Nora Barry Fischer
EDDY HOMES, INC.,               )
                                )
            Defendant.          )

## MEMORANDUM ORDER

Presently before the Court is Defendant Eddy Homes, Inc.'s Motion for Attorneys' Fees and Costs, (Docket No. [35]), Plaintiff's response in opposition, (Docket No. [37]), and Defendant's reply, (Docket No. [39]). After careful consideration of the parties' submissions; the standard governing motions for attorneys' fees, 17 U.S.C. § 505; and for the following reasons, Defendant's Motion for Attorneys' Fees and Costs, (Docket No. [35]), is DENIED.

In so holding, the Court notes that the facts of this case are detailed in its December 22, 2016 Memorandum Opinion, wherein the Court granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (Docket No. 30). In pertinent part, Plaintiff is the owner of the copyright in the design of the interior of a home constructed by Defendant for Mr. and Mrs. Thomas Sterling ("the Sterlings"). (*Id.* at 2). In October 2015, photographs of the interior of the Sterlings' home were published in periodicals and magazines and on Defendant's website and several social media websites without crediting Plaintiff. (*Id.*). Plaintiff filed this action and asserted claims against Defendant for copyright infringement and for unfair competition. (*Id.* at

3).  As noted, the Court granted Defendant's motion to dismiss Plaintiff's claim for copyright infringement, (*id.* at 5-10), and declined to exercise supplemental jurisdiction over Plaintiff's state law claim for unfair competition, (*id.* at 10-16).

Thereafter, Defendant filed the instant motion, asserting that it is entitled to attorneys' fees and costs because Plaintiff's position was objectively unreasonable.  (Docket No. 35 at 2-3).  Plaintiff counters that it attempted to resolve this matter prior to filing this action and that its motive in filing suit was to protect its intellectual property.  (Docket No. 37 at 3-4).  In reply, Defendant maintains that the lawsuit was frivolous and that Plaintiff's motive in filing the action was to obtain a financial windfall.  (Docket No. 39 at 3-5).  Plaintiff has not appealed this Court's December 22, 2016 Memorandum Opinion dismissing its First Amended Complaint.  Hence, this matter is ripe for disposition.

Section 505 of the Copyright Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  Thus, the Copyright Act permits a discretionary award of attorneys' fees to the prevailing party in a copyright lawsuit.  *Id.*; *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) (noting that § 505 "clearly connotes discretion" and explaining that a district court may not "award[] attorney's fees as a matter of course").  Several factors guide the exercise of a court's discretion in this context, including "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Fogerty*, 510 U.S. at 534 n.19 (quoting *Lieb. v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986)).  As the Third Circuit

2

has recently explained, the Supreme Court "reaffirmed that § 505 fee awards are discretionary and placed extra, but not controlling, weight on the 'objective unreasonableness' factor, and reminded courts to consider the totality of the circumstances and make a 'particularized, case-by-case assessment.'" *Leonard v. Stemtech Int'l, Inc.*, 834 F.3d 376, 403 (3d Cir. 2016) (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016). "While there is no requirement of bad faith in determining whether to award attorneys' fees and costs, a court must be evenhanded in exercising its discretion." *Lowe v. Loud Records*, 126 F. App'x 545, 547 (3d Cir. 2005).

Having reviewed the entire docket, including the parties' current submissions and after carefully considering their respective arguments, the Court in its discretion will decline to award attorneys' fees. Relative to Defendant's assertions that Plaintiff's lawsuit was both frivolous and objectively unreasonable, (Docket Nos. 35 at 2-3; 39 at 3-5), the Court initially finds that Defendant has waived the argument that Plaintiff's lawsuit was frivolous, as Defendant did not raise same in its initial brief. (*See* Docket Nos. 35; 39 at 3-5). It is well settled that "legal arguments not raised and relief that is not specifically sought in the initial motion are generally deemed waived." *Vay v. Huston*, No. 14-CV-769, 2016 U.S. Dist. LEXIS 48534, at *26 (W.D. Pa. Apr. 11, 2016); *see also Anspach v. City of Phila.*, 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("[F]ailure to raise an argument in one's opening brief waives it."); *Sproull v. Golden Gate Nat'l Senior Care, LLC*, No. 2:08-CV-1107, 2010 U.S. Dist. LEXIS 5088, at *8-9 (W.D. Pa. Jan. 22, 2010) ("[T]he reply brief generally cannot be used to expand the issues presented for adjudication beyond those raised in the moving papers.").

Moreover, the Court finds that Plaintiff's lawsuit was neither frivolous nor objectively unreasonable. *See 4C, Inc. v. Pouls*, No. 11-CV-778, 2012 U.S. Dist. LEXIS 84607, at *7 (D. Del. June 19, 2012) (explaining that courts have analyzed frivolousness and objective

3

unreasonableness together). "Frivolousness" is defined as "lacking any plausible merit," *Warren Publ'g Co. v. Spurlock*, No. 08-CV-3399, 2010 U.S. Dist. LEXIS 20584, at *13 (E.D. Pa. Mar. 3, 2010) (internal quotations omitted), while "objective unreasonableness encompasses both a legal and a factual component," *Pouls*, 2012 U.S. Dist. LEXIS 84607, at *7 (internal quotations and alterations omitted). The fact that a motion to dismiss was granted against a plaintiff does not necessarily render the plaintiff's claims unreasonable per se. *See, e.g.*, *Gillan & Hartmann, Inc. v. Kimmel Bogrette Architecture + Site, Inc.*, No. 15-1035, 2015 U.S. Dist. LEXIS 69959, at *13-21 (E.D. Pa. May 28, 2015) (granting motion to dismiss and denying motion for attorneys' fees because the lawsuit was not objectively unreasonable); *Visual Communs., Inc. v. Assurex Health, Inc.*, 2014 U.S. Dist. LEXIS 131495, at *10-28 (E.D. Pa. Sept. 18, 2014) (same). *See also Fogerty*, 510 U.S. at 534-35 (discussing discretionary nature of determining an award of attorneys' fees and rejecting automatic recovery by prevailing party under 17 U.S.C. § 505); *Cottrill v. Spears*, No. 02-CV-3646, 2003 U.S. Dist. LEXIS 11656, at *6-7 (E.D. Pa. July 2, 2003) ("[H]indsight is not the applicable standard in judging the reasonableness of [Plaintiffs'] suit.") (internal quotations omitted).

Here, Plaintiff's theory of the case was well asserted and argued. The Court's decision to grant Defendant's motion to dismiss relied not on settled Third Circuit precedent, but on thoughtful consideration of persuasive authority. Indeed, after reviewing the parties' briefing, the Court did not locate authority within this jurisdiction regarding the applicability of 17 U.S.C. § 120 to Plaintiff's claim for copyright infringement. The Court, therefore, ordered supplemental briefing to address the impact of *Landrau v. Solis-Betancourt*, 554 F. Supp. 2d 102 (D.P.R. 2007), a case outside its jurisdiction. (Docket No. 16). Upon review of the parties' supplemental briefing, the Court ordered oral argument, at which time the parties discussed the possibility of

participating in a settlement conference. (Docket Nos. 19, 20). The Court stayed this matter pending the disposition of the settlement conference before Magistrate Judge Lisa Pupo Lenihan. (Docket Nos. 23, 24). The Court lifted the stay after the parties were unable to resolve the case. (Docket Nos. 28, 29). Then, the Court thoroughly analyzed the underlying facts, legal issues, and what the Court deemed to be persuasive precedent. (Docket No. 30 at 5-10). The Court's lengthy Memorandum Opinion and Order granting Defendant's motion to dismiss is evidence of the non-frivolous and objectively reasonable nature of this action. (*See id.*). Further, the Court's Order permitted the state claims to proceed, in the event that Plaintiff sought that route. (*Id.* at 16). Therefore, the Court cannot conclude that Plaintiff set forth frivolous or objectively unreasonable claims here.

The Court also finds that Plaintiff's position was reasonable. In support of its brief in opposition to Defendant's motion, Plaintiff has attached a declaration prepared by its president, Thomas D. Trzcinski. (Docket No. 37-1). In his declaration, Mr. Trzcinski states that he telephoned Defendant's vice president, Matthew Moritz, to request a correction or clarification for images that were used by and were incorrectly attributed to Defendant. (*Id.* at ¶ 5). Mr. Trzcinski affirms that he also discussed the potential for joint marketing efforts and alleges that Mr. Moritz was not receptive to his suggestions. (*Id.*). Mr. Trzcinski then states that Plaintiff initiated this action after "[his] personal efforts to resolve this issue were met with continued use of photos focused almost exclusively on [Plaintiff's] design elements in [Defendant's] marketing campaigns." (*Id.* at ¶¶ 6-7). Defendant confirms that the parties discussed jointly marketing the Sterlings' home. (Docket No. 39 at 4).

Despite the fact that settlement negotiations are confidential, *see* 28 U.S.C. § 652; *see also* Practices and Procedures of Judge Nora Barry Fischer § III.A.(ii), Effective Mar. 23, 2010,

*available at* http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf, Defendant argues that Plaintiff was uncooperative at the settlement conference and "insisted on an exorbitant settlement payment," (Docket No. 39 at 5).  Accepting Defendant's statement, which the Court would generally be loath to do because such negotiations must remain confidential, it is not surprising to the Court that Plaintiff and its counsel would seek a monetary award at the settlement conference given the amount of time and associated attorneys' fees and costs expended at that point in time.  Moreover, Defendant once again did not raise this argument in its initial brief, (*see* Docket Nos. 35; 39 at 4-5), and has waived same.  *See Vay*, 2016 U.S. Dist. LEXIS 48534, at *26; *see also Anspach*, 503 F.3d at 258 n.1; *Sproull*, 2010 U.S. Dist. LEXIS 5088, at *8-9.  Therefore, despite Defendant's last argument, the Court concludes that Plaintiff's action was neither legally nor factually unreasonable.

Based upon the foregoing, the Court in its discretion also finds that an award of costs to Defendant is unwarranted.  *See, e.g.*, *Visual Communs., Inc.*, at *27 (denying the defendant's motion for attorneys' fees and costs); *Spark Innovators Corp. v. Tele Marketers, Inc.*, No. 14-CV-1771, 2014 U.S. Dist. LEXIS 83438, at *23-24 n.6 (D.N.J. June 19, 2014) (same); *Inst. for Motivational Living, Inc. v. Sylvan Learning Ctr., Inc.*, No. 06-CV-828, 2008 U.S. Dist. LEXIS 80777, at *3-4 (W.D. Pa. June 18, 2008) (same).  *Cf. Broad. Music, Inc. v. George Moore Enters.*, 184 F. Supp. 3d 166, 173-74 (W.D. Pa. 2016) (awarding attorneys' fees and costs where the defendants acted objectively unreasonable by failing to defend the action); *Broad. Music, Inc. v. Longhorn Corral, Inc.*, No. 15-CV-950, 2016 U.S. Dist. LEXIS 4733, at *11-13 (W.D. Pa. Jan. 14, 2016) (same).

For these reasons,

IT IS HEREBY ORDERED that Defendant Eddy Homes, Inc.'s Motion for Attorneys' Fees and Costs, (Docket No. [35]), is DENIED.

_s/Nora Barry Fischer_
Nora Barry Fischer
United States District Judge

Dated:  March 15, 2017

cc/ecf:  All counsel of record